# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

|  |  |  |
|---|---|---|
| E.R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 9:22-cv-04482-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| BEAUFORT COUNTY SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The following matter is before the court on defendant Beaufort County School District's (the "District") motion to dismiss, ECF No. 27.  For the reasons set forth below, the court grants the motion and dismisses the complaint.

## I.  BACKGROUND

This case arises from alleged sexual assaults—ranging from forced fellatio to vaginal and anal rape—perpetrated by four different male students against E.R. beginning around 2015 while she was a minor.  ECF No. 1-1, Amend. Compl. ¶ 9.  After each incident, E.R., alone or with her mother, reported the incidents to Bluffton High School's (the "school") administrators, guidance counselors, and coaches, who took no action.  See id. ¶¶ 10–48.  Word of the sexual assaults spread after each incident, and E.R. was subjected to bullying, harassment, and sexual harassment by other students.  Id. ¶¶ 16, 24, 34.  As a result of these incidents, E.R. was required to seek Homebound Instruction, but her school failed to provide adequate math instruction, resulting in E.R.'s ultimate transfer to Hilton Head Island High School.  Id. ¶¶ 44–46.  This lawsuit followed.

On November 4, 2022, E.R. filed a complaint in the Beaufort County Court of Common Pleas for Beaufort County.  E.R. v. Beaufort Cnty. Sch. Dist., No. 2022-CP-07-

1

02157 (Beaufort Cnty. Ct. C.P. Nov. 4, 2022).  On November 17, 2022, E.R. filed an amended complaint to bring two claims: (1) violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681; and (2) negligence/gross negligence.  ECF No. 1-1, Amend. Compl.  On December 12, 2022, the District removed this case from state court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.  ECF No. 1.  On April 26, 2024, the District filed a motion to dismiss.  ECF No. 27.  On May 13, 2024, E.R. responded in opposition, ECF No. 28, to which the District replied on May 20, 2024, ECF No. 30.  On June 26, 2024, the court held a hearing on the motion to dismiss.  ECF No. 31.  As such, this motion has been fully briefed and is now ripe for review.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief.  Mylan Lab'ys, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded

2

allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.  DISCUSSION

The District argues that both of E.R.'s claims are barred by South Carolina's two-year statute of limitations for personal injury claims pursuant to the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-110. ECF No. 27-7 at 6–13. In response, E.R. concedes that her negligence and gross negligence claims are barred by SCTCA's two-year statute of limitations. ECF No. 28 at 2. The court agrees with the parties' assessment of this claim and dismisses E.R.'s second cause of action for negligence/gross negligence accordingly. See S.C. Code Ann. § 15-78-110. This leaves her Title IX claim.

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[1] 20 U.S.C. § 1681(a).

---

[1] There is no dispute that the District is a recipient of federal education funding for Title IX purposes. Additionally, the Supreme Court has held that "recipients of federal funding may be liable for 'subject[ing]' their students to discrimination where the recipient is deliberately indifferent to known acts of student-on-student sexual harassment and the harasser is under the school's disciplinary authority." Davis Next Friend

Title IX does not contain a limitations period for bringing an action. <u>Martin v.</u> <u>Clemson Univ.</u>, 654 F. Supp. 2d 410, 429 (D.S.C. 2009). "When this occurs, the Supreme Court has 'generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law.'" <u>Isioye v. Coastal Carolina</u> <u>Univ.</u>, 2018 WL 6682795, at *3 (D.S.C. Nov. 30, 2018) (quoting <u>Reed v. United Transp.</u> <u>Union</u>, 488 U.S. 319, 323–24 (1989)), <u>report and recommendation adopted</u>, 2018 WL 6676296 (D.S.C. Dec. 19, 2018). The Fourth Circuit has concluded that Title IX borrows the relevant state's statute of limitations for personal injury. <u>Reid v. James Madison</u> <u>Univ.</u>, 90 F.4th 311, 319 (4th Cir. 2024); <u>Wilmink v. Kanawha Cnty. Bd. of Educ.</u>, 214 F. App'x 294, 296 n.3 (4th Cir. 2007). The parties in this case dispute <u>which</u> statute of limitations is the most closely analogous statute of limitations under state law.

District courts in the Fourth Circuit have taken varied approaches when determining which state statute of limitations applies to a particular Title IX case, and the courts "tend to draw factual distinctions where appropriate." <u>Mooberry v. Charleston S.</u> <u>Univ.</u>, 2022 WL 123005, at *5 (D.S.C. Jan. 13, 2022); <u>compare id.</u> (observing that the facts underlying the plaintiff's Title IX claim are based on her employment with the defendant and applying the statute of limitations period found in the South Carolina Human Affairs Law); <u>with</u> <u>Isioye</u>, 2018 WL 6682795, at *4 (applying South Carolina's personal injury statute of limitations to Title IX claim factually predicated on student relationship and sexual misconduct allegations). In other words, "[o]ther cases

---

<u>LaShonda D. v. Monroe Cnty. Bd. of Educ.</u>, 526 U.S. 629, 646–47 (1999) (alteration in original). To recover on a deliberate-indifference theory, a plaintiff must show, <u>inter alia</u>, that the student-on-student harassment is "so severe, pervasive, and objectively offensive that it can be said to deprive the victim[] of access to the educational opportunities or benefits provided by the school." <u>Id.</u> at 650.

4

presenting different allegations and different records may lead to different conclusions."
Twitter, Inc. v. Taamneh, 598 U.S. 471, 507 (2023) (Jackson, J., concurring).
Consequently, the facts of this case are material in evaluating which statute of limitations
applies to the Title IX action.

E.R. alleges that various other students sexually assaulted her and that the school
administration did nothing when she reported the assaults to them—thus, she brings the
Title IX claim based on the school's inaction.  See Amend. Compl. ¶¶ 10–48.  The school
at issue is a South Carolina public high school and E.R. sues Beaufort County School
District in its stead.  Id. ¶¶ 44–46.  She does not allege that any employee or agent of the
District committed or facilitated the sexual abuse; rather, she alleges that teachers at the
high school failed to report the sexual abuse to an appropriate law enforcement agency
and failed to address the bullying, harassment, and additional sexual harassment of E.R.
See id. ¶¶ 10–48; id. ¶ 52 ("Plaintiff was sexually assaulted at the hands of one or more
students of [the District].").  Her Title IX claim against the District is for, inter alia, its
failures to "timely respond," "adequately investigate," "adequately address," "offer
counseling or therapy to [E.R.]," and "protect [E.R.]."  Id. ¶ 61.

On the one hand, the District maintains that E.R.'s Title IX claim, like her
negligence claim, is barred by the SCTCA's two-year statute of limitations.  ECF No. 27-
7 at 10.  On the other hand, E.R. posits that it is either governed by the statute of
limitations in (1) Section 15-3-555 of the South Carolina Code, which permits an action
for damages from an injuring arising out of an act of sexual abuse to be brought by age
twenty-seven or within three years of discovery of the causal relationship between the
injury and the sexual abuse; or (2) Section 15-3-530(5) of the South Carolina Code,

which establishes a three-year statute of limitations for assault, battery, or personal injuries.[2]  ECF No. 28 at 2–3.  The court ultimately agrees with the District that E.R.'s Title IX claim is barred by the SCTCA's statute of limitations.  The court begins by evaluating the statute of limitations imposed by S.C. Code Ann. Section 15-3-555, before turning to that imposed by S.C. Code Ann. Section 15-3-530(5), and finally considering the statute of limitations imposed by the SCTCA.

### A.  S.C. Code Ann. § 15-3-555

E.R. argues that the most analogous statute of limitations in South Carolina to her Title IX action is Section 15-3-555, which permits an action for damages from an injury arising out of an act of sexual abuse to be brought by age twenty-seven or within three years of discovery of the causal relationship between the injury and the sexual abuse. ECF No. 28 at 2–3.  The South Carolina Court of Appeals squarely addressed this argument in Doe v. City of Duncan, where the plaintiff brought a claim of negligent supervision against the city based on allegations that the plaintiff was sexually abused while participating in activities sponsored by the city's fire department.  789 S.E.2d 602, 604–05 (S.C. Ct. App. 2016).  It noted that since the plaintiff's suit was against the city and the sole cause of action alleges negligence by the fire chief and other fire department

---

[2] E.R.'s allegations of misconduct and sexual assault occurred on various occasions between 2015 and 2017.  See Amend. Compl. ¶¶ 9–48.  Consequently, the earliest date on which E.R. knew or should have known she had a claim is sometime in 2015, and the latest date was at the end of the fall semester in 2017.  See id. ¶¶ 9, 43–48. At that time, E.R. was a minor, and therefore the statute of limitations was tolled until she reached her age of majority.  See S.C. Code Ann. § 15-3-40.  She reached her age of majority on November 7, 2019.  ECF No. 28 at 2.  She filed this lawsuit almost three years later November 4, 2022.  ECF No. 1.  At the hearing the parties agreed that if the District is correct about the application of the SCTCA's statute of limitations, E.R.'s claim is barred and must be dismissed; but if E.R. is correct, her claim is timely filed, and the court must deny the motion to dismiss.  ECF No. 31.

officials, the suit was controlled by the statute of limitations set forth in the SCTCA, and, therefore, the plaintiff was not entitled to the time period set forth in Section 15-3-555 of the South Carolina Code. Id. at 605–06. Similarly, E.R. alleges negligence by the District and not that the District, or any of its agents, sexually abused E.R. Amend. Compl. ¶¶ 52–56, 59–61, 64–68. Thus, Section 15-3-555 of the South Carolina Code is not the most analogous statute to provide the statute of limitations for E.R.'s Title IX claim. See Isioye, 2018 WL 6682795, at *3.

**B. S.C. Code Ann. § 15-3-530(5)**

Alternatively, E.R. argues that the court should apply the three-year general statute of limitations for personal injury in Section 15-3-530(5). ECF No. 28 at 3–4. Yet, rather arguing than in favor of the general statute of limitations for personal injury, E.R. focuses on various arguments against the applicability of the SCTCA.[3] See id. For example, she emphasizes that Section 15-78-110 of the SCTCA provides "any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date of loss," and her Title IX is "self-evidently not 'brought pursuant to' the SCTCA" because it is brought pursuant to federal law. Id. at 3. She emphasizes that Title IX grants her rights and causes of action unavailable under state law—meaning, she could not bring a state-law equivalent claim—and, since her Title IX claims are not cognizable under the SCTCA, E.R. emphasizes that SCTCA cannot be the most analogous statute from which to draw the statute of limitations. Id. at 4.

---

[3] The court will address whether the SCTCA is analogous to E.R.'s Title IX claim in the subsequent section.

The sole argument that E.R. presents in favor of the application of the three-year general statute of limitations for personal injury is based on a Fourth Circuit decision. Id. She identifies that the Fourth Circuit applied a three-year statute of limitations for a plaintiff's 42 U.S.C. § 1983 action but applied a two-year statute of limitations to the plaintiff's state law negligence claims. Id. (citing Doe-2 v. Sheriff of Richland Cnty., 2023 WL 4026090, at *5 & n.4, *7 n.5 (4th Cir. June 15, 2023)).

E.R.'s reliance on Doe-2, 2023 WL 4026090, at *5 & n.4, *7 n.5, is unpersuasive because actions brought pursuant to 42 U.S.C. § 1983 must meet the statute of limitations borrowed from the state's general or residual statute for personal injury action. Owens v. Okure, 488 U.S. 235, 250 (1989). Unlike § 1983 claims, Title IX claims are not required to apply South Carolina's general or residual statute of limitations—rather, courts are tasked with applying the most closely analogous statute of limitations under state law. See Reid, 90 F.4th at 319; Isioye, 2018 WL 6682795, at *3. Under state law, the SCTCA authorizes the only means of bringing torts against government entities like the District and therefore its statute of limitations should govern Title IX claims alleging what amounts to negligence by school officials.[4] See S.C. Code Ann. § 15-78-20(b). Thus, the court turns to the SCTCA.

---

[4] The District unequivocally rebukes E.R.'s claim that since Title IX claims are not brought pursuant to state law, the SCTCA should not apply. ECF No. 30 at 4. The District emphasizes that it "is not taking the position that E.R.'s Title IX claims are somehow converted to state law claims," it is simply noting that the most analogous statute under state law is the SCTCA and therefore the SCTCA should provide the statute of limitations for Title IX claims alleging this type of harm. Id.

## C. SCTCA

Finally, the court considers whether the most analogous statute of limitations is the two-year statute of limitations imposed by the SCTCA.

The court finds that, though allegations of sexual assault underly this action, the E.R.'s Title IX cause of action is most closely analogous to the tort of negligent supervision under South Carolina law. An employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, is on premises he is privileged to enter only as employee, or is using the employer's chattel; (2) the employer knows or has reason to know he has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control. Doe v. Bishop of Charleston, 754 S.E.2d 494, 500 (S.C. 2014) (citing Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C. 1992)). This rule has been applied to find a school liable when the school was grossly negligent in its supervision of its students, which resulted in student-on-student sexual assault. Doe v. Berkeley Cnty. Sch. Dist., 2015 WL 7722425, at *14 (D.S.C. Nov. 30, 2015); Duncan ex rel. Duncan v. Hampton Cnty. Sch. Dist. No. 2, 517 S.E.2d 449, 452 (S.C. Ct. App. 1999); Doe ex rel. Roe v. Orangeburg Cnty. Sch. Dist. No. 2, 495 S.E.2d 230, 232 (S.C. Ct. App. 1997), aff'd as modified, 518 S.E.2d 259 (S.C. 1999); Doe v. Greenville Cnty. Sch. Dist., 651 S.E.2d 305, 309 (S.C. 2007).

Additionally, "[t]he remedy provided by [the SCTCA] is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)," Flateau v. Harrelson, 584 S.E.2d 413, 416 (S.C. Ct. App. 2003) (citing S.C. Code Ann. § 15-78-20(b)), and there is no dispute that

9

the District is a government entity within the definition of the SCTCA, <u>see</u> Amend.
Compl. ¶ 2; ECF No. 27-7 at 9; <u>see also</u> S.C. Code Ann. § 15-78-30(d)–(e).  As such, the
most analogous cause of action under state law—negligent supervision—is a tort under
South Carolina law and is therefore subject to the two-year statute of limitations under
the SCTCA.[5]  <u>See</u> <u>Isioye</u>, 2018 WL 6682795, at *3; <u>Bishop of Charleston</u>, 754 S.E.2d at

---

[5] Based on certain representations made at the hearing, the court finds it material
to summarize and define the concept of sovereign immunity.  ECF No. 31.

The common law doctrine of sovereign immunity protects the State of South
Carolina and its political subdivisions from suits over the tortious conduct of its
employees.  <u>See</u> <u>McKenzie v. City of Florence</u>, 108 S.E.2d 825, 827–28 (S.C. 1959).
The South Carolina Supreme Court abolished the doctrine of sovereign immunity in
<u>McCall v. Batson</u>, 329 S.E.2d 741 (S.C. 1985), but, in response, the South Carolina
General Assembly enacted the SCTCA.  <u>Repco v. Cnty. of Georgetown</u>, 818 S.E.2d 743,
747 (S.C. 2018).  The SCTCA provides a limited waiver of sovereign immunity for
certain tortious acts.  <u>Browning v. Hartvigsen</u>, 414 S.E.2d 115, 116 (S.C. 1992); <u>see</u> S.C.
Code Ann. § 15-78-20(b), (c).  Under the SCTCA, "the State, an agency, a political
subdivision, and a governmental entity are liable for their torts in the same manner and to
the same extent as a private individual under like circumstances, subject to the limitations
upon liability and damages, and exemptions from liability and damages," found in the
SCTCA.  S.C. Code Ann. § 15-78-40.  Consequently, the SCTCA is the exclusive
remedy for plaintiffs who wish to assert common law tort claims against the State of
South Carolina or any entity or employee thereof, and tort claims generally may not be
brought against a government entity or employee except as provided in the statute.  <u>See</u>
S.C. Code Ann. §§ 15-78-70(a), 15-78-200.

Additionally and separately from the common law doctrine of sovereign
immunity is the sovereign immunity conferred by the Eleventh Amendment to the United
States' Constitution.  U.S. Const. amend. XI.  The Eleventh Amendment states that "[t]he
Judicial power of the United States shall not be construed to extend to any suit in law or
equity, commenced or prosecuted against one of the United States by Citizens of another
State, or by Citizens or Subjects of any Foreign State."  <u>Id.</u>  It guarantees that, in the
ordinary course, a private party may not sue an unconsenting state (or its agencies,
divisions, departments, officials, and other "arms of the state") in federal court.  <u>See</u> <u>Bd.</u>
<u>of Trs. of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 363 (2001); <u>Will v. Mich. Dep't of State</u>
<u>Police</u>, 491 U.S. 58, 70–71 (1989); <u>Madison v. Virginia</u>, 474 F.3d 118, 129 (4th Cir.
2006).  The doctrine "does not merely constitute a defense to monetary liability or even
to all types of liability; [r]ather, it provides an immunity from suit."  <u>Fed. Mar. Comm'n</u>
<u>v. S.C. State Ports Auth.</u>, 535 U.S. 743, 766 (2002).  In other words, Eleventh
Amendment immunity stands unique as a defense because it shields a state, or an arm
thereof, entirely from litigation, not merely from liability.  <u>See</u> <u>id.</u>

500; S.C. Code Ann. § 15-78-110 (providing for a two-year statute of limitations).  The

court, therefore, finds that E.R.'s Title IX claim is subject to the most analogous statute

of limitations, which is the two-year statute of limitations imposed by the SCTCA.  Reid,

90 F.4th at 319; Isioye, 2018 WL 6682795, at *3.  Because E.R. brought her Title IX

claim almost three years after she turned eighteen years old, the court finds her claim

barred by the statute of limitations.  See id.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss and

**DISMISSES** the case with prejudice.

---

However, nothing prevents a state from choosing to waive its immunity.  See
Sossamon v. Texas, 563 U.S. 277, 284 (2011).  For example, Congress often conditions
participation in federal spending programs on a waiver of sovereign immunity.  See
Madison, 474 F.3d at 124.  A state may waive its immunity by participating in such
programs, so long as Congress has expressed "a clear intent to condition
participation . . . on a State's consent to waive its constitutional immunity."  Litman v.
George Mason Univ., 186 F.3d 544, 550 (4th Cir. 1999) (internal quotation marks and
citation omitted).  Relevant to the Title IX claim in this case, Congress explicitly stated
that a state shall not be immune from suit in federal court for violation of Title IX of the
Education Amendments of 1972 in the Civil Rights Remedies Equalization Act of 1986
("CRREA") 42 U.S.C. § 2000d-7(a)(1).  In other words, in exercising its spending power
and authorizing federal education funds to state agencies, the federal government
"condition[s] an offer of federal funding on a promise by the recipient not to
discriminate."  Gebser v. Lago Vistaindep. Sch. Dist., 524, U.S. 274, 286 (1998).  It also
conditions these funds on the recipient state's consent to be sued in federal court for an
alleged breach of the promise not to discriminate.  See 42 U.S.C. § 2000d–7(a)(1).  Thus,
an arm of the state, through its acceptance of Title IX funding, waives its Eleventh
Amendment immunity as to claims brought pursuant to Title IX.  Litman, 186 F.3d at
557.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 8, 2024**
**Charleston, South Carolina**